AFFILIATED CAPITAL CORPORATION, etc., Plaintiff-Appellant,

v.

CITY OF HOUSTON, et al., Defendants,

Gulf Coast Cable Television and James J. McConn, Defendants-Appellees.

No. 81–2335.

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1984.

Stephen D. Susman, William H. White, Charles J. Brink, Houston, Tex., Michael M. Barron, Austin, Tex., for plaintiff-appellant.

Rufus Wallingford, Layne E. Kruse, Houston, Tex., for City of Houston and Jim McConn.

Richard B. Miller, Theodore F. Weiss, Jr., John L. Jeffers, Richard B. Miller, Houston, Tex., for Gulf Coast Cable.

ON PETITION FOR REHEARING

Before CLARK, Chief Judge, GEE, RUBIN, GARZA, REAVLEY, POLITZ, TATE, JOHNSON, WILLIAMS, JOLLY, HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:

IT IS ORDERED that the petition for rehearing of Gulf Coast Cable Television

the meaning of the Act. We need not reach these determinations, since no contention of error as to them is raised.

[*] Judges Randall and Garwood did not participate in this decision. Judge Brown who was a member of the Court at the time of the en banc decision, took senior status subsequent to the decision and, therefore, is not qualified to participate in the order on petition for rehearing. Judge Garza, now a senior judge of this circuit,

filed in the above entitled and numbered cause be and the same is hereby DENIED.

CLARK, Chief Judge, with whom REAVLEY and JOLLY, Circuit Judges, join, dissenting:

I respectfully dissent from the refusal of the en banc court to grant rehearing for the reasons stated in my dissent, plus the following.

In their petition for rehearing, defendant Gulf Coast Cable Television irrefutably points out that the record does not suggest the slightest basis for the majority's assumption that in finding the boundary agreements proper the jury believed "they were passing on the question of whether it was better to have one franchise for the city or multiple franchises." 735 F.2d at 1555. The chief support which the majority urges for this critical assumption—that a jury note asked if a yes vote on question # 3 obviated a need to answer question # 1—is itself in error. The full note the jury sent the court posed alternative questions. It read:

> Assuming a "yes" answer to No. 1, are we to bypass No. 3.?
>
> The second question is, "Assuming we want to vote "yes" on No. 3, is there any point in voting on No. 1?"

Obviously both questions were equally open at that point in the deliberations. All the jury wanted to know was whether the questions were mutually exclusive.

Having been put to answer both question # 1 and question # 3 (at the insistence of plaintiff), the answers the jury gave clearly were reconcilable only as the district court reconciled them. This appellate court's assumption about question # 1 negates the jury's verdict. With all due respect, the majority's new en banc basis for decision, though not as sweeping as its per se panel ruling, is still wrong, wrong, wrong.

is participating as a member of the panel that initially considered the appeal now subject to en banc review. Judge Robert M. Hill was not a

member of the court when this case was decided by the court en banc and did not participate in this decision.